IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:06-CR-94 (Jordan / Shirley) |
| ULYSSES ROBINSON, | ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 8, 2007, on defendant's Motion to Continue [Doc. 31], filed February 6, 2007. Assistant United States Attorney W. Brownlow Marsh appeared on behalf of the government. Attorney James Greenlee represented the defendant, who was also present. The government did not oppose the request for continuance.

At the hearing, defense counsel stated that the need for disposition of the suppression motion necessitates a continuance. Attorney Greenlee expressed that obtaining a ruling on the suppression issue is in the defendant's best interest and confirmed that he has discussed this matter with defendant Robinson. The Court questioned the defendant, who stated that he understood his right to a speedy trial. Further, defendant Robinson stated that he understood a ruling on his motion to suppress certain evidence was necessary prior to trial. The Court described to defendant Robinson that this Court will require time to adequately review the suppression issues and issue a Report and Recommendation. The Court explained to defendant Robinson that after the Report and

Recommendation is made, either party will have 10 days to register an objection with the District Court. Should such an objection be made, the District Court will require a meaningful period of time to review the record and the issues presented. The Court further observed that all this could not be accomplished before the trial date of February 14, 2007. The defendant stated that he understood these facts and that he agreed with the need for a continuance. Defendant Robinson stated that he has discussed these matters with his attorney and understood that he will remain in jail pending his new trial date. Attorney Greenlee, on behalf of defendant Robinson, stated that he believes all the time between the date of the hearing, February 8, 2007, and the new date of the trial is excludable from the operation of the Speedy Trial Act. Defense counsel agreed that the need to resolve these important issues of evidence suppression outweigh the interest of the defendant and the public in a speedy trial.

The government agreed that a continuance of the trial was necessary. AUSA Marsh agreed that the time between the date of the hearing, February 8, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendant and the public in a speedy trial.

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching February 14, 2007, trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time to pursue his suppression motion, which has now been heard and is awaiting disposition. See 18 U.S.C. § 3161(h)(1)(F). Specifically, the Court will need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court on the motion. See 18 U.S.C. § 3161(h)(1)(J). Following the filing of the Report and

Recommendation, the parties need time to file any objections to the Court's ruling. Should objections be made, the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the February 14, 2007, trial date or in less than one week. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the defendant Robinson's motion to continue is **GRANTED**. The trial of this matter is reset to **April 26, 2007 at 9:00 a.m.** before the Honorable Leon Jordan, United States District Judge. No additional pretrial conference shall be set in this case.

The Court also finds, and the parties agree, that all the time between the February 8, 2007, hearing and the new trial date of April 26, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge