UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-94 |
| | ) | (Jordan / Shirley) |
| | ) | |
| ULYSSES ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. The following motions are pending and subject to disposition by this Court:

(1) Motion For Disclosure of Identities and Statements of Unindicted Co-Conspirators [Doc. 14];

(2) Motion For Suppression of Arrest of Defendant and Suppression of the Search Warrant [Doc. 15]; and its companion filing entitled Amended Motion for Suppression of Arrest of Defendant and Suppression of Search Warrant [Doc. 18];

(3) Motion For Bill of Particulars [Doc. 19]; and supporting memorandum of law [Doc. 20];

(4) Motion for Notice and Disclosure of Rule 404(b) Evidence [Doc. 21]; and

(5) Motion for Discovery of Defendant's Statements [Doc. 22].

The United States filed a written response to these motions, Response to Motion

1

[Doc. 25]. These motions came to be heard before this Court on January 23, 2007. Assistant United States Attorney, Brownlow Marsh was present representing the government. Attorney James Greenlee was present representing defendant Ulysses Robinson, who was present. The Court took under advisement the Motion For Suppression of Arrest of Defendant and Suppression of the Search Warrant [Doc. 15], along with its attendant supplement [Doc. 18], and ruled on the remaining motions as described herein.

### 1. MOTION FOR DISCLOSURE OF IDENTITIES AND STATEMENTS OF UNINDICTED CO-CONSPIRATORS

In its response, filed January 22, 2007, the government disclosed the name which the defendant sought. At the hearing, the government reported that the witness is serving a 12 year state sentence and provided the individual's address as the Sevier County Jail, Sevierville, Tennessee. Counsel for the defense indicated that this information satisfied his request. The Motion for Disclosure of Identities and Statements of Unindicted Co-Conspirators [Doc. 14] is **DENIED** as moot.

### 2. MOTION FOR SUPPRESSION OF ARREST OF DEFENDANT AND SUPPRESSION OF THE SEARCH WARRANT

An evidentiary hearing was conducted on the merits of this motion [Doc. 15] along with its addendum [Doc. 18]. At the conclusion of the hearing, the Court took this motion under advisement. The Court granted counsel for the defense until January 31, 2007, to file a brief or supplement on the issues raised pertaining to incriminating statements Mr. Robinson is alleged to have made to law enforcement. If such a filing is made, the government shall have one week to respond, February 5, 2007. After that time, the Court will issue a ruling by written opinion.

## 3. MOTION FOR BILL OF PARTICULARS

Defendant Robinson moved the Court to direct the government to file a Bill of Particulars [Doc. 19]. At the hearing, the government stated that the moneys described in this motion were paid to "the confidential informant." In response to this information, this document was **withdrawn** by counsel for Mr. Robinson. Accordingly, the Court will not give an opinion as to the merits of this motion.

## 4. MOTION FOR NOTICE AND DISCLOSURE OF ANY RULE 404(B) EVIDENCE THE UNITED STATES SEEKS TO INTRODUCE AT TRIAL

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 8] at paragraph I states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. At the hearing, Special Assistant United States Attorney Marsh indicated the government has provided information to the defendant about two prior criminal convictions from the State of Georgia which form the substance of Rule 404(b) evidence the government may seek to introduce at trial. The government confirmed its intention to provide any additional 404(b) material not less than seven days before trial. Otherwise, the defendant has not shown good cause for discovery broader than that provided in the Order on Discovery and Scheduling. Accordingly, defendant' Motion for Notice and Disclosure of Rule 404(b) Evidence is [Doc. 18] is **DENIED.**

## 5. MOTION FOR DISCOVERY OF DEFENDANT'S STATEMENTS

Defendant Robinson moved the Court to direct the government to disclose any statements he is alleged to have made [Doc. 22]. The government responded that it would "endeavor to produce the substance of any oral statement made by the defendant to law enforcement." [Doc. 25]. At the hearing, Special Assistant United States Attorney Marsh told the Court that the government was aware of oral statements which it seeks to attribute to defendant Robinson at trial. Mr. Marsh confirmed that these had not been provided to the defense.

Upon questioning by the Court, the government first explained that the lack of disclosure was because the statements had not been reduced to writing. However, it is this Court's opinion that the government's duty to disclose a defendant's own oral statements is not conditioned upon it being reduced to writing. Rather the government has a duty to disclose the substance of the defendant's oral statements whether reduced to writing or not, per Rule 16 (a)(1)(A). Oral statements reduced to writing as well as any written records containing the substance of those oral statements are to be disclosed, pursuant to Rule 16(a)(1)(B)(ii)[1]. The Court relies upon the plain language of Rule 16:

Rule 16. Discovery and Inspection

---

[1] This Court is mindful of the holding in U.S. v. Holmes, 975 F.2d 275, 284 (6th Cir. 1992), that Rule 16 "requires only that any written record of oral statements ... be turned over to a defendant who so requests." While this Court is not presently aware of the exact language of Rule 16 at the time Holmes was authored, it appears this holding is inconsistent with the current language of Rule 16 (a)(1)(A). In fact the Court discerns that the only difference in Rule 16(a)(1)(A) and 16 (a)(1)(B)(ii) is that the latter requires disclosure of written records of oral statements (as Holmes held) whereas the former does not. If Holmes were to apply to 16(a)(1)(A), then there would be no difference in 16(a)(1)(A) or 16 (a)(1)(B)(ii) and the latter would simply be redundant of the former. Accordingly, this Court does not feel that it would be proper construction of current Rule 16(a)(1)(A) to follow Holmes. It further appears the Sixth Circuit is mindful of this problem, but has been reluctant to overrule judges relying on Holmes, because the Sixth Circuit rules require one panel to follow prior reported decisions of another panel. Thus, they have felt bound by Holmes. This Court further relies on its belief that if presented with the issue of construing present Rule 16(a)(1)(A) that the Sixth Circuit would note the lack of any reference to a writing requirement and would affirm this Court's ruling. The Court relies, in support of this position, on U.S. v. Fantroy, 156 Fed. Appx. 808, n.5 (6th Cir. 2006).

(a) Government's Disclosure.

(1) Information Subject to Disclosure.

(A) Defendant's <u>Oral</u> Statement. Upon a defendant's request, the government must disclose to the defendant the substance of any relevant <u>oral</u> statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

(B) Defendant's Written or Recorded Statement. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) any relevant written or recorded statement by the defendant if:

• the statement is within the government's possession, custody, or control; and

• the attorney for the government knows--or through due diligence could know-- that the statement exists;

(ii) <u>the portion of any written record containing the substance of any relevant oral statement</u> made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

(iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

***

Fed. R. Crim. P. 16 [emphasis added].

The Court further notes that it has unambiguously ordered the disclosure of all statements the government seeks to attribute to the defendant, whether oral or written, in its Order on Discovery and Scheduling, [Doc. 6] at paragraph (A)(1), which required disclosure no later than December 13, 2006.

The government next explained the lack of prior disclosure as being based on the fact AUSA Marsh had only learned of incriminating oral statements the morning of the hearing from law enforcement agents present in court to testify at the suppression hearing. Given that the oral statement proffered by Mr. Marsh constituted the functional equivalent of a virtual full confession,

the Court is surprised and chagrined that such information was either not requested by the United States' Attorney's Office or not provided by the officers or agents prior to the date of the suppression hearing. It is not an acceptable practice in this Court that a criminal prosecution would commence and continue to the point of three weeks before a jury trial without the United States' Attorney's Office disclosing the defendant's alleged full confession, in contravention of the Federal Rules of Criminal Procedure and this Court's Order. This state of affairs is exacerbated by the fact that the defendant filed a motion, making a specific written request for these statements 11 days before the hearing and yet the statements were still neither sought nor provided until the day of the hearing, and then disclosed only pursuant to the Court's prompting.

In light of the late disclosure and the pending evidentiary hearing, the Court offered the defendant the option of proceeding or postponing the hearing to address the recently discovered oral statements. The defendant opted to proceed as scheduled. However, the Court did grant the defendant leave to supplement his motion to suppress or raise issues related to the statements on or before January 31, 2007. Given the impending trial date and the broad character of other pretrial motions, counsel for the defense was directed to be specific as to which statement is addressed and the grounds for suppression based upon facts adduced at this hearing, with appropriate citation to authority, should he elect to file a motion for relief. Defendant's Motion for Disclosure of Defendant's Statements [Doc. 22] is **GRANTED.**

Accordingly, it is **ORDERED**:

(1) Motion For Disclosure of Identities and Statements of Unindicted Co-Conspirators **[Doc. 14] is DENIED**;

(3) Motion For Bill of Particulars **[Doc. 19]**; and supporting memorandum of law **[Doc. 20]; are WITHDRAWN**.

(4) Motion for Notice and Disclosure of Rule 404(b) Evidence **[Doc. 21] is DENIED**.

(5) Motion for Discovery of Defendant's Statements **[Doc. 22] is GRANTED**.

**IT IS SO ORDERED.**

**ENTER:**

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge