# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ULYSSES ROBINSON, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | Nos.: 3:06-cr-094-RLJ-CCS-1 |
| v. ) | 3:11-cv-166-RLJ-CCS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Ulysses Robinson ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. For the reasons stated below, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.      **Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Petitioner was found guilty by a jury of possession with intent to distribute five grams or more of cocaine base, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime. By judgment entered September 25, 2007, he was sentenced as a career offender to concurrent terms of imprisonment of 300 months on the drug possession conviction and 120 months on the felon in possession conviction, and a consecutive term of imprisonment of 60 months on the conviction for possession of a firearm in furtherance of a drug trafficking crime, for a total effective sentence of 360 months. [Doc. 60[1], Judgment].

On direct appeal, petitioner alleged the district court erred in overruling his motion to suppress evidence seized pursuant to a search warrant. The Sixth Circuit affirmed the denial of the motion to suppress. *United States v. Robinson*, 352 F. App'x 27 (6th Cir. Nov. 9, 2009), *cert. denied*, 560 U.S. 947 (2010).

---

[1] All citations to the record refer to the docket sheet in Criminal Action No. 3:06-cr-94.

In support of his § 2255 motion to vacate sentence, petitioner alleges that the district court erred in not conducting a *Franks* hearing with respect to the search warrant. He also alleges numerous instances of ineffective assistance of counsel.

## III. Discussion

### A. Franks Hearing

*Franks v. Delaware*, 438 U.S. 154 (1978), concerned the validity of a search warrant and the veracity of an affidavit supporting the warrant. The Supreme Court held:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id*. at 155-56. The Supreme Court further held that, if at the hearing the defendant establishes by a preponderance of the evidence that the affidavit contained a false statement that was necessary to a finding of probable cause, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id*. at 156.

As noted, petitioner challenged the validity of the search warrant on direct appeal. The Sixth Circuit began its analysis with the following summary:

> After three uncontrolled buys during which the seller was followed by undercover agents to 1828 Norlil Road, Sevierville, Tennessee, police sought and obtained a search warrant for the residence at that address. Robinson, who was present when the search warrant was executed and who was charged based on items found during the search, moved to suppress the evidence seized pursuant to the warrant, asserting that the affidavit in support of the search warrant included false statements and omitted material facts, and that the affidavit failed to establish probable cause to

3

believe that evidence of criminal activity would be found at the Norlil Road residence.

Following a suppression hearing, the magistrate judge recommended denial of Robinson's motion to suppress, concluding that given the ongoing and continuous nature of the apparent criminal enterprise, more than a fair probability existed that cocaine, contraband, marked money, or other evidence of criminal activity would likely be found at 1828 Norlil Road.

Robinson filed a notice of objection to the magistrate's decision, but did not articulate a specific objection. The district court, while noting the absence of any specific objection by Robinson, stated that it nonetheless had reviewed the magistrate's report and recommendation *de novo*. The district court adopted the conclusions of the magistrate, overruled Robinson's objections, and denied Robinson's motion to suppress.

*Robinson v. United States*, 352 F. App'x at 28-29.

The Sixth Circuit then noted the test for whether probable cause existed for a warrant to issue:

In order to be able to properly determine whether probable cause exists sufficient to issue a warrant, the magistrate must be presented with an affidavit containing adequate supporting facts about the underlying circumstances, either from the direct knowledge of the affiant or from reliable hearsay information; bare conclusions are not enough. The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. We apply this "totality of the circumstances" test to the affidavits presented in this case.

*Id*. at 29 (quoting *United States v. West*, 520 F.3d 604, 609 (6th Cir. 2008) (internal quotation marks and citations omitted)). The Sixth Circuit also noted a defendant's right under *Franks v. Delaware* to challenge a search warrant on the basis of false statements in the supporting affidavit. *Id*. at 30.

4

The Sixth Circuit next quoted the affidavit of David L. Joyner that supported the search warrant:

> 1. I am a Special Agent with the State of Tennessee Fourth judicial district Drug and Violent Crime Task Force. I have been employed by the Pigeon Forge Police Department for approximately 6 years, the past 2.5 years of which I have been assigned to the Drug Task Force.... During the past 11 years as an officer and Drug Task Force Agent I have been involved with or participated in approximately 300 narcotic investigations. I have worked in an undercover capacity to purchase narcotics and gain intelligence. I have executed search warrants, conducted surveillance of drug transactions, seized evidence, arrested suspects, interviewed suspects and conferred with Local, State, and Federal Prosecutors and other Law Enforcement Officials in my community regarding narcotic investigations, and as a result, gained considerable experience.
>
> 2. On October 27, 2004, while in an undercover capacity, I purchased cocaine from an individual. During that undercover drug transaction after the individual was given money by me, Drug Task Force Agents followed the person to 1828 Norlil road Sevierville, Tennessee. The individual then brought back what was believed to be Cocaine from the residence.
>
> 3. On November 04, 2004 while in an undercover capacity, I purchased cocaine from the same individual. During that undercover drug transaction after the target was given money by me, Drug Task Force Agents followed the person to 1828 Norlil road Sevierville, Tennessee. The individual then brought back what was believed to be Cocaine from the residence.
>
> 4. On November 05, 2004 a third undercover drug transaction was conducted from the same individual. The individual was followed to 1828 Norlil Road Sevierville, Tennessee. The individual then brought back what was believed to be cocaine from the residence.
>
> 5. The white powder substance in the above three occasions field tested positive for cocaine.
>
> 6. Based on above intelligence, surveillance, experience and training, Affiant David L. Joyner believes that illegal narcotics and drug proceeds are in the residence of 1828 Norlil road Sevierville, Tennessee.

5

The residence to be searched has a physical address of: 1828 Norlil Road Sevierville, Tennessee.

7. I request to search the above mentioned residence, including outbuildings and vehicles for: narcotics, packaging materials used to package and preserve narcotics, weighing devices ... and other documentation which reflect narcotic sales, weapons, which are used as protection devices in the illegal drug trade, illegal drug proceeds and surveillance equipment. All of these items constitute contraband; property used, or intended to be used in commission of a drug offense in violation of the laws of the State of Tennessee.

*Id*. at 30-31.

The Sixth Circuit then summarized the testimony from the suppression hearing:

The magistrate judge conducted a suppression hearing. Special Agent David Joyner of the Pigeon Forge Police Department testified at the hearing that he obtained a search warrant for 1828 Norlil Road on November 5, 2004, and that he and several other drug task force officers executed the warrant on that date. Agent Joyner testified that on October 27, November 4, and November 5, 2004, a cooperating individual/confidential informant drove him to a parking lot to meet with Gill Thomas, who was unaware that Joyner was working undercover. The confidential informant had contacted Thomas to purchase cocaine and arranged the transactions. On each of the three dates, Thomas approached the driver's side of the car, and Joyner gave marked bills to the cooperating individual, who handed them to Thomas in Joyner's presence. Thomas was under surveillance by Officer Kevin Bush, who testified that on each of the three mentioned dates, he followed Thomas from the location at which Thomas met Joyner and the confidential informant to 1828 Norlil Road, observed Thomas go inside 1828 Norlil Road and emerge about five minutes later, and followed Thomas as Thomas drove straight back to Agent Joyner's (and the confidential informant's) location.

When Agent Joyner and other officers executed the search warrant on November 5, 2004, Robinson had cocaine in his pocket, and the officers found digital scales, marked currency and a loaded firearm in the house.

Agent Joyner testified that Thomas was unaware that he (Thomas) was participating in a police investigation. Joyner testified that Thomas was not searched before he went on the three buys because it would have exposed the undercover operation.

*Id*. at 31.

The Sixth Circuit observed the discrepancy between Agent Joyner's affidavit and his testimony at the suppression hearing, to-wit, the fact that there was no mention in the affidavit of the confidential informant (CI) who arranged and participated in the cocaine buys. *Id*. Petitioner thus argued on direct appeal "that because Agent Joyner recklessly disregarded important facts in his affidavit, the issuing judge was misled, probable cause was not established, and the district court's order denying Robinson's motion to suppress must be reversed and his conviction vacated." *Id*. at 32 (footnote omitted).

Despite the discrepancy between Agent Joyner's affidavit and testimony, the Sixth Circuit concluded that the magistrate judge correctly decided the motion to suppress should be denied:

> Although the affidavit omits the participation of the CI, Joyner's statements were, nevertheless, based on personal observation. The import of the magistrate's conclusion is sound. Thomas was given buy money by Joyner, albeit through the hands of the CI, in Joyner's presence. Under these circumstances, we agree with the Government that Robinson has not shown that Agent Joyner purposely excluded information from his affidavit or that he intended to mislead the judge who issued the warrant.

*Id*. The Sixth Circuit then found that the affidavit was sufficient to provide probable cause to issue the search warrant. *Id*. at 33.

Based upon the foregoing, the denial of the motion to suppress was affirmed. "Applying the 'totality of the circumstances' test, we agree with the magistrate judge and the district court that the affidavit supplied adequate supporting facts to constitute a substantial basis for concluding there was a fair probability that evidence of criminal

7

activity would be found at 1828 Norlil." *Id*. at 34 (citation omitted). Petitioner now claims that the district court erred in failing to conduct a *Franks* hearing as to whether Agent Joyner deliberately falsified his affidavit.

The Sixth Circuit noted that petitioner did not argue that he was entitled to a *Franks* hearing. *Id*. at 32 n.2. Nevertheless, the Sixth Circuit rejected the claim that would underlie the necessity of a *Franks* hearing, finding that the omission of the confidential informant in the affidavit was not "crucial to the finding of probable case." *Id*. at 34. Since the omission was not relevant to the probable cause finding, petitioner would not have been entitled to a *Franks* hearing.

> [U]nder *Franks* the defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit
>
>> if and only if (1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false *and* (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side.

*United States v. Atkin*, 107 F.3d 1213, 1216-17 (6th Cir. 1997) (quoting *United States v. Campbell*, 878 F.2d 170, 171 (6th Cir. 1989)) (emphasis in original). Petitioner is not entitled to relief on this claim.

### B. *Assistance of Counsel*

Petitioner alleges that he received the ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was

8

> not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges several instances of ineffective assistance of counsel during pretrial proceedings and at trial, during sentencing, and on appeal. The Court will consider the claims in turn.

9

## A. Failure to challenge prior conviction

Petitioner alleges his attorney should have challenged the one of the prior conviction that was a predicate offense for his career offender status. For purposes of the sentencing guidelines, a career offender is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). A controlled substance offense is defined as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

The predicate offenses for petitioner's career offender status were:

Possession with intent to distribute cocaine, case number 99-CR-2661, in the Superior Court of Dekalb County, Georgia; sentence imposed July 9, 1999; petitioner received a five-year sentence, to serve one year in custody, suspended upon entering boot camp, balance on probation.

Possession with intent to distribute cocaine, case number 99-B-3579-1, in the Superior Court of Gwinnett County, Georgia; sentence imposed April 17, 2000; petitioner received a 12-year sentence, to serve four years with balance on probation.

[Presentence Report, p. 8, ¶¶ 31 and 32, respectively; *see also* Doc. 28, Notice of Enhancement pursuant to 21 U.S.C. § 851].

10

Case 3:06-cr-00094-RLJ-CCS   Document 94   Filed 09/26/14   Page 10 of 18   PageID #: 687

Petitioner claims that his Dekalb County, Georgia, conviction should not have counted as a predicate offense because he never served any prison time. This argument lacks merit. "A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." U.S.S.G. § 4A1.2(a)(3). Such a sentence, in turn, counts as a predicate offense under U.S.S.G. § 4B1.2(c).

Petitioner was correctly sentenced as a career offender and there was no basis upon which his attorney could object to the predicate offenses. Petitioner is not entitled to relief on this claim of ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

**B. Failure to specifically object to the Report and Recommendation**

Petitioner complains that his attorney did not make specific objections to the magistrate judge's Report and Recommendation to deny the motion to suppress. Despite the lack of specific objections, the district court and the Sixth Circuit considered his objection to the Report and Recommendation on the merits. "[B]ecause the district court chose to decide this issue on the merits, we will review it on the merits as well." *Robinson v. United States*, 352 F. App'x at 29. Petitioner was not prejudiced by his attorney's alleged failing and he is not entitled to relief on this claim of ineffective assistance of counsel.

11

### C. Failure to challenge the affidavit and request a *Franks* hearing

Petitioner alleges that both trial and appellate counsel should have challenged Agent Joyner's affidavit and should have asked for a *Franks* hearing. A claim of ineffective assistance of counsel may be based on counsel's failure to request a *Franks* hearing. *See Kimmelman v. Morrison*, 477 U.S. 365, 380 (1986) (failure to object to the admissibility of evidence under the Fourth Amendment may constitute ineffective assistance of counsel). As the Court has noted, however, petitioner would not have been entitled to a *Franks* hearing. As previously noted, the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993). Petitioner is not entitled to relief on these claims of ineffective assistance of counsel.

### D. Failure to file a timely Rule 29 motion

Petitioner alleges "[t]rial counsel was ineffective for failing to timely move for a Rule 29 motion to preserve sufficiency of the evidence as a ground for appeal." [Doc. 87, Supplemental § 2255 motion, p. 1]. Presumably, he is referring to a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. That is the sum and substance of petitioner's claim in this regard, and he has not stated any factual or legal support for the claim. A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v.*

*United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Moreover, in order to demonstrate insufficient evidence, a defendant must show "that upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). There is nothing in the record to suggest that the evidence was not sufficient to convict petitioner, and thus his attorney was not ineffective in failing to move for a judgment of acquittal.

> Failing to make a motion for a judgment of acquittal that had no chance of success fails both prongs [*of Strickland*]. First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.

*United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004) (footnote omitted). Petitioner is not entitled to relief on this claim of ineffective assistance of counsel.

**E. Failure to object to testimony from Officer Kevin Bush / move for a mistrial**

This claim relates to the motion in limine, in which defense counsel asked, inter alia, that "any reference to the Defendant's girlfriend's race be excluded." [Doc. 44, Motion in Limine, p. 1, ¶ 1]. According to petitioner, he is African-American, his girlfriend at the time was white, and he wanted to safe guard against possible prejudice from an all-white jury. In response to the motion in limine, the government stated that it had "no intention of making reference to the race of any person involved in this trial."

13

[Doc. 46, Response, p. 1, ¶ 1]. At the beginning of the jury trial, defense counsel stated he was satisfied with the government's response. [Doc. 69, Transcript of Jury Trial, p. 6].

Nevertheless, during the testimony of the government's first witness, Officer Bush, the following exchange took place while he was explaining on direct examination the execution of the search warrant :

> Q. You said there was a female with him?
>
> A. Yes, white female.

[*Id.* at 28]. At that time the government through prosecutor Marsh requested a bench conference and the following discussion occurred:

> MR. MARSH: I didn't elicit it, but he mentioned that his girlfriend was white.
>
> THE COURT: Don't make any issue of it.
>
> MR. GREENLEE: It can be an issue, Your Honor, with all due respect.
>
> THE COURT: If you all leave it alone, it won't be an issue.
>
> MR. GREENLEE: I don't know what the jury will think, Your Honor. It should be a mistrial.
>
> THE COURT: Overruled.

[*Id.* at 25].

Petitioner alleges that counsel's failure to move to strike this testimony rendered the trial fundamentally unfair. He also alleges that appellate counsel was ineffective by failing to appeal the Court's refusal to grant a mistrial.

14

As previously noted, in judging an attorney's conduct, a Court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). In this case, it is reasonable to believe that, after his motion for a mistrial was overruled, counsel could have concluded that a motion to strike the single isolated reference to a white female would highlight the issue for the jury. It is worth noting that no mention was made of the female being petitioner's girlfriend. Petitioner is not entitled to relief on this claim of ineffective assistance of counsel.

With respect to appellate counsel, a defendant "has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). However, a defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Id*. Thus, appellate counsel's decision as to what issues should be raised on appeal cannot generally constitute ineffective assistance of counsel. "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751); *see also McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000) ("Strategic choices by counsel,

15

while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation."); *Wright v. United States*, 182 F.3d 458, 466 (6th Cir. 1999) ("Appellate counsel is not ineffective simply because he or she decides not to raise every possible argument on appeal.").

Petitioner's attorney on direct appeal chose to focus on the legality of the search warrant. This Court cannot say that appellate counsel erred in his decision to pursue this issue and not the issue of a possible mistrial. "A brief that raises every colorable issue runs the risk of burying good arguments." *Jones v. Barnes*, 463 U.S. at 753. Petitioner is not entitled to relief on this claim of ineffective assistance of counsel.

**F. Failure to follow-up on inspection of the drug evidence**

This claim relates to the fact that defense counsel had arranged to meet with a drug task force member to inspect the drugs which were used as evidence against petitioner. The drugs were in an opaque container with an evidence seal. Defense counsel asked to take the drugs out of their packages in order to photograph them and the drug task force member refused, believing he was not allowed to do so. Defense counsel called the prosecutor, who agreed to allow it and said he would reschedule the evidence viewing after he finished with a trial. The prosecutor never contacted defense counsel and defense counsel did not call him back. Defense counsel moved in limine to exclude the drug evidence and the Court overruled the motion, finding that counsel had an obligation to follow-up on his request to inspect the drugs. [Doc. 69, Transcript of Jury Trial, pp. 6-9].

16

Petitioner alleges that defense counsel was ineffective by failing to follow-up on his inspection of the drug evidence prior to trial. He also alleges that appellate counsel was ineffective by failing to appeal the Court's refusal to exclude the drug evidence.

Petitioner's arguments overlook the fact that, after ruling on pre-trial motions and prior to the commencement of the trial, the Court ordered the government to provide the drugs to defense counsel for inspection. [*Id*. at 17]. Defense counsel inspected the drugs as did petitioner. [*Id* at 17-18]. Thus, while counsel did not inspect the drugs in advance of the trial date, he did inspect them prior to the commencement of trial. In addition, petitioner does not state how it would have benefited the defense for counsel to have inspected the drugs in advance. With respect to appellate counsel, there was no basis upon which to appeal the Court's refusal to exclude the drug evidence. Petitioner is not entitled to relief on these claims of ineffective assistance of counsel.

Based upon the foregoing, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard.

## IV. Conclusion

Petitioner has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of

the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge